## IN THE UNITED STATES DISTRICT COURT FOR THE
## EASTERN DISTRICT OF VIRGINIA

### Alexandria Division

Peter W. Babar,                          )
    Petitioner,                          )
                          )
v.                                       )          1:16cv472 (TSE/TCB)
                          )
Karen D. Brown and Harold W. Clarke,     )
    Respondents.                          )

### MEMORANDUM OPINION

Peter W. Babar, a Virginia inmate proceeding pro se, has filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254, challenging a decision by the Virginia Parole Board to deny him discretionary parole. Petitioner has paid the statutory filing fee for this action. As it plainly appears from the face of the petition that petitioner is not entitled to federal habeas relief, this petition must be dismissed pursuant to the preliminary consideration provision of Rule 4 of the Rules Governing § 2254 Cases in the United States District Courts.

In October, 2003, Babar was found guilty of attempted robbery in the Norfolk Circuit Court, and received a sentence of ten (10) years. He states that he took no direct appeal of the conviction. Pet. at 1.

Apparently in 2015, Babar sought to be released on discretionary parole. On December 29, 2015, the Virginia Parole Board decided not to grant him parole, citing as its primary reasons petitioner's extensive criminal history, the crimes he committed, his prior failures and/or convictions while under community supervision, and the Board's beliefs that he should serve more of his sentence prior to release on parole and his need to show a longer period of stable adjustment. Pet., Ex. D. Petitioner argues here that the Parole Board abused its discretion and

that its decision amounts to a manifest injustice.  Petitioner asks this Court to compel the Parole

Board to show cause why it denied his application for parole, because his motion for

reconsideration of that decision was supported by the affidavits of the victim and a witness.

Babar is not entitled to the federal habeas corpus relief he seeks because his petition

raises only issues of state law.  "A state prisoner is entitled to relief under 28 U.S.C. § 2254 only

if he is held 'in custody in violation of the Constitution or laws or treaties of the United States.'"

Billotti v. Legursky, 975 F.2d 113, 119 (4th Cir. 1992) (quoting Engle v. Isaac, 456 U.S. 107,

119 (1982)).  Thus, questions of state law that do not implicate federal rights are not cognizable

on federal habeas review under § 2254.  Id. (citing Inge v. Procunier, 758 F.2d 1010, 1014 (4th

Cir. 1985)).  Here, Babar's claim  rests solely on interpretation of the applicable provisions of

the Virginia Code.

It is well established that an inmate has no constitutional right to be paroled prior to the

expiration of a valid sentence.  See Greenholtz v. Inmate of Nb. Penal & Corr. Complex, 442

U.S. 1, 7 (1979).  Here, Babar has made no allegation, much less a showing, that he currently has

a right to be paroled.  Moreover, the United States Supreme Court has noted that "the validly

sentenced prisoner who shows only that the State made a procedural error in denying

discretionary parole has not established a right to release, and so cannot obtain habeas relief –

conditional or otherwise."  Wilkinson v. Dotson, 544 U.S. 74, 86-7 (2005) (emphasis in original)

(Scalia and Thomas, concurring).  In this case, Babar does not claim that his sentence or

conviction is invalid.  Rather, he takes issue only with the state procedures used to deny him

discretionary parole.  Because Babar has no constitutional right to be released on parole or

probation, and because he fails to cite any federal law that has been violated by the Virginia

2

Parole Board's decision to deny him such relief, his petition is not cognizable on federal habeas review and must be dismissed.[1]

For the foregoing reasons, this petition must be dismissed pursuant to Rule 4 of the Rules Governing § 2254 Cases. An appropriate Order shall issue.

Entered this _18th_ day of _____May_____ 2016.

Alexandria, Virginia

_/s/_
T. S. Ellis, III
United States District Judge

---

[1] Even if petitioner's claim could be read broadly to suggest that the denial of discretionary parole violated an enforceable liberty interest, his claim still would not be cognizable in this proceeding. A due process challenge to a protected liberty interest, including a challenge to a state parole procedure, is not properly brought pursuant to 28 U.S.C. § 2254, but instead must be raised in an action brought pursuant to 42 U.S.C. § 1983.  See Greenholtz v. Inmate of Nb. Penal & Corr. Complex, 442 U.S. 1 (1979); Garner v. Jones, 529 U.S. 244 (2000); Wilkinson, 544 U.S. at 74.